UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Cleveland, III, | ) C/A No. 4:15-4512-RBH-TER |
|                    Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Warden Larry Cartledge, | ) |
| Officer I. Mayes, | ) |
| Officer M. Jones, | ) |
| Warden (Unknown Name), | ) |
| Lieber Correctional Institution, | ) |
| Officer Tyrell Admore, | ) |
| Contraband Lieutenant Charles Hartzog, | ) |
| Business Employee T. Way, | ) |
| MacDougall Correctional Institution, | ) |
| Disciplinary Hearing Officer Francine Bachman, | ) |
| Director Bryan Stirling of the S.C.D.C., | ) |
| Unknown Names of the Office of General Counsel of the S.C.D.C., | ) |
| *All sued in their official and individual capacities*, | ) |
|                    Defendants. | ) |

This a civil action filed pro se by a state prison inmate. George Cleveland, III ("Plaintiff") is incarcerated at the Turbeville Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

In the Complaint submitted in this case (Doc. # 1), Plaintiff alleges a violation of his Eight

1

Amendment right to be free from cruel and unusual punishment, an access to courts claim, as well as various state law claims for civil conspiracy, gross negligence, false imprisonment, and battery.[1] Doc. 1 at 4-5.  As to Plaintiff's conditions of confinement claim, he asserts that in January of 2015 he was denied sheets, a blanket and a pillow for two nights. *Id*. at 11-13. On January 27, 2015, Plaintiff was transported from Evans Correctional Institution to Perry Correctional Institution as he was scheduled to attend a hearing in a civil case at the Greenville County Courthouse on January 28, 2015. *Id*. Plaintiff indicates that he spent the night before the hearing, and the night afterwards, at Perry Correctional and was not given a blanket, sheets or a pillow despite repeated requests.  *Id*. Plaintiff alleges that he was cold and shivered all night resulting in sleep deprivation.[2] *Id*. at 14.

---

[1] Plaintiff's battery claim is based on the allegation that Defendant Hartzog handcuffed Plaintiff prior to escorting Plaintiff into the office where Plaintiff's DHO hearing was held. Doc. # 1 at 32.

[2] Plaintiff's claims against the Defendant Cartledge and Defendant Stirling appear to be based on their supervisory positions. Doc. 1 at 13-15. A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Plaintiff identifies Defendant Cartledge as the Warden at Perry Correctional Institution and Defendant Stirling as the Director of SCDC (ECF No. 1 at 3.) However, the instant Complaint provides no facts to demonstrate that Defendants Cartledge or Stirling were aware of or deliberately indifferent to any constitutional risk of injury to Plaintiff. Thus, the instant Complaint provides no facts to proceed on such a theory under Fourth Circuit precedent. See  Carter v. Morris, 164 F.3d 215, 221 (4th Cir.1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). In as much as Plaintiff sues Defendant Cartledge and Defendant Stirling in their supervisory capacities as Warden of Perry Correctional and Director of SCDC respectively, a § 1983 claim for supervisory liability cannot be based on the doctrine of respondeat superior or supervisory liability. Ashcroft v. Iqbal, 556 U.S. at 667, citing *Robertson v. Sichel*, 127 U.S. 507, 515–516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligence, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). As the complaint fails to allege that either Defendant Cartledge or Defendant

Plaintiff also alleges that while he was housed at MacDougall Correctional Institution, he was subject to a "targeted shakedown" in violation of his Fourth Amendment Rights. Doc. # 1 at 17-20. Plaintiff indicates that he was deprived certain items of personal property and ultimately charged with possession of contraband and abuse of privileges.[3] *Id*. at 17-22. Plaintiff complains that as part of a civil conspiracy, he was cited for two charges instead of only one, and that various policies were violated in the process of completing the related incident reports. *Id*. at 33-35. Plaintiff then focuses on the hearing he received for his abuse of privileges charge, on which he was found guilty and given 15 days lock-up as well as the loss of canteen, telephone and visitation privileges for a period of time. *Id*. at 22-25.[4] As a result of being sentenced to lock-up, Plaintiff indicates he was transported to Lieber Correctional where he spent one night, awaiting transport to another institution. *Id*. at 25-26. He complains that he was not given sheets, a blanket or a pillow, and that his mattress and toilet were dirty. *Id*. Plaintiff was then transported to Turbeville Correctional Institution, where he is currently housed. *Id*. at 27. Plaintiff indicates that the conditions at Turbeville are "harsher" than where he was housed in the past and he asserts that as a result of his request for paper, and his responses to questions following the purported "targeted shakedown" there was a civil conspiracy

---

Stirling was personally involved in any alleged violation of Plaintiff's constitutional rights, and the Defendants' broad supervisory responsibilities in their respective positions do not impose supervisory liability under § 1983, the complaint fails to state a claim against either Defendant Cartledge or Defendant Stirling for a violation of a federal right under § 1983. Therefore, Defendants Cartledge and Stirling are entitled to summary dismissal from this action for any supervisory liability claims asserted by Plaintiff.

[3] Plaintiff alleges that he lost some of his property as a result of the shakedown. Doc. # 1, at 34.)

[4] Plaintiff lost good time credits as a result of his possession of contraband charge. Doc. # 1 at 35; http://public.doc.state.sc.us/scdc-public/ (Inmate locator for SCDC as to Plaintiff).

(in retaliation) to have him transferred and housed at Turbeville Correctional Institution which he indicates has "horrid" conditions, such as decreased time in the law library, numerous prison lock-downs, and "irregular" feeding schedule. *Id*. at 27-30, 33-24. Plaintiff asserts that the lock-downs have affected his ability to send and receive legal mail, and he alleges that he has missed legal deadlines as a result of lockdowns. *Id*. at 28-29. Plaintiff seeks damages. *Id*. at 39-40.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) ( en banc ); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); De'Lonta v. Angelone, 330 F.3d 630, 630n.1 (4th Cir.2003).

However, even when considered under this less stringent standard, the undersigned finds, for the reasons set forth below, that the Complaint in its entirety is subject to summary dismissal without issuance and service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to

4

allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

Plaintiff's primary claim is that he was subjected to cruel and unusual living conditions. Plaintiff's claim is based on two nights that he spent at Perry Correctional Institution (while being transported for a court appearance) and one night that he spent at Lieber Correctional Institution (while being transferred to another institution to be placed in lock-up) during which he was allegedly made to spend the night in a cell with no sheets, blanket or pillow. Plaintiff also claims that the toilet was dirty, and he was not certain that the bare mattress had been cleaned. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Therefore, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. *Wilson v. Seiter,* 501 U.S. 294 (1991). In addition, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. *Strickler v. Waters,* 989 F.2d 1375, 1380-81 (4th Cir.1993); *Helling v. McKinney,* 509 U.S. 25 (1993). While strip-cell conditions may be inconvenient, uncomfortable, and unfortunate, Plaintiff has not alleged anything to suggest that these conditions violate contemporary standards of decency.

5

Nor has he alleged that because of these conditions (for three nights total), he has sustained a serious or significant injury or is at risk of a future injury. Therefore, Plaintiff has failed to state a constitutional claim under the Eighth Amendment as to any Defendant.

Plaintiff also appears to allege that there were procedural irregularities in his disciplinary charging papers such that he was convicted on two separate disciplinary convictions without due process. As to his disciplinary conviction for abuse of privileges, Plaintiff lost certain privileges and received disciplinary detention. As to his conviction for possession of contraband,[5] Plaintiff lost thirty days of good time credit, and certain privileges. Doc. # 1 at 35, and See also, http://public.doc.state.sc.us/scdc-public/ (Inmate locator as to Plaintiff). As part of his complaints with regards to his disciplinary convictions, Plaintiff further alleges that Defendants Way, Bachman, Admore, Hartzog and other unknown defendants have been involved in a civil conspiracy to have Plaintiff transferred from MacDougall Correctional Institution to another institution. Complaint at 5, 30, 33-34, & 37.

As an initial matter, Plaintiff claims concerning his disciplinary proceedings are barred by

---

[5]Plaintiff alleges that he was subjected to a targeted shakedown and that as a result he has been deprived of certain items of personal property. The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation so long as the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v. Taylor,* 451 U.S. 527 (1981). In South Carolina, prisoners may file actions for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee,* 784 F.2d 566, 567 (4th Cir.1986) (citing S.C.Code Ann. § 15–69–10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). As Plaintiff has an adequate state remedy to address the alleged deprivation of property, his due process claim related to the confiscation of his property is subject to summary dismissal. *See Buchanan v. Bowie,* 2014 WL 4536344, at *2 (D.S.C. 2014).

*Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); *see also Kerr v. Orellana,* 969 F.Supp. 357 (E.D.Va.1997) (holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under *Heck* ). Plaintiff has not shown he successfully attacked either of his disciplinary hearing convictions. Plaintiff cannot maintain a § 1983 action, whether for restoration of good-time credits, monetary damages, or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding. Here, the awarding of damages and/or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claims are barred under *Heck* and *Edwards. See Chestnut v. Green*, 2011 WL 2119306, at *2 (D.S.C. Apr. 5, 2011) report and recommendation adopted, 2011 WL 2133534 (D.S.C. May 27, 2011)

Even if Plaintiff's due process claims are not barred as to his abuse of privileges claim, he fails to show that his rights were violated. Plaintiff fails to show that his rights were violated as to his abuse of privileges claim because he did not suffer a loss of good-time credits, only the loss of privileges and placement in disciplinary detention. See Doc. # 1 at 24-25, and http://public.doc.state.sc.us/ scdc-public/ (SCDC inmate locator function). The due process procedures required by *Wolff* and its progeny are not required unless the challenged discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (rejecting

7

inmate's claim that either the Constitution or Hawaii statutes required due process for placement in disciplinary segregation). In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Bevrati v. Smith,* 120 F.3d 500, 502 (4th Cir.1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges[6] [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v.*

---

[6] Plaintiff also fails to show that he has a protected liberty interest in making phone calls. *See U.S. v. Alkire,* No. 95–7885, 1996 WL 166400, at *1 (4th Cir. Apr.10, 1996) (no constitutional right to the use of a telephone in prison); *Hadley v. Peters,* 70 F.3d 117 (7th Cir.1995) [Table] ("The denial of telephone privileges for ten days is not a matter of constitutional dimension."), *cert. denied,* 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996); *May v. Baldwin,* 895 F.Supp. 1398, 1409 (D.Ore.1995) (brief suspension of television and telephone privilege does not amount to constitutional violation), *aff'd,* 109 F.3d 557 (9th Cir.1997), *cert. denied,* 522 U.S. 921, 118 S.Ct. 312, 139 L.Ed.2d 241 (1997). Prisoners do not have an affirmative constitutional right to visitation. *White v. Keller,* 438 F.Supp. 110, 115 (D.Md.1977) (but leaving open the possibility that a permanent ban on all visitation could implicate the Eighth Amendment), *aff'd,* 588 F.2d 913 (4th Cir.1978); *see also Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 461, 109 S.Ct. 1904, 104 L.Ed.2d 506, (1989) (finding no right to visitation guaranteed by the Due Process Clause). Canteen access is also not a protected liberty interest. *See e.g. Madison v. Parker,* 104 F.3d 765, 768 (5th Cir.1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding); *Bennett v. Cannon,* No. 2:05–2634–GRA, 2006 WL 2345983, at *2 (D.S.C. Aug.10, 2006) ("[t]here is simply no freestanding constitutional right to canteen privileges at all"). *See Chestnut v. Green*, 2011 WL 2119306, at *4 (D.S.C. 2011) report and recommendation adopted, 2011 WL 2133534 (D.S.C. 2011).

*Taylor,* 946 F.2d 340, 343 (4th Cir.1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification or a constitutional right to be confined in a particular prison. *Hewitt v. Helms,* 459 U.S. 460, 468 (1983); *Meachum v. Fano,* 427 U.S. 215, 224 (1976). Therefore, the court finds that Plaintiff has failed to state a claim of constitutional magnitude as to his due process claims.

To the extent that Plaintiff claims the existence of a civil conspiracy, the Fourth Circuit has explained that "[t]o establish a civil conspiracy under § 1983, Plaintiff must present evidence that the Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in Plaintiff's deprivation of a constitutional right." *Hinkle v. City of Clarksburg,* 81 F.3d 416, 421 (4th Cir.1996). A plaintiff seeking to show civil conspiracy under the South Carolina common law must show the following three elements: "(1) the combination of two or more people, (2) for the purpose of injuring the plaintiff, (3) which causes special damages." *Pye v. Estate of Fox,* 369 S.C. 555, 633 S.E.2d 505, 511 (S.C.2006). A plaintiff seeking to prove common law conspiracy must also show that he has suffered damages as a result of a conspiracy that go beyond the damages he has alleged in his other causes of action. *Id.* ("Because the quiddity of a civil conspiracy claim is the damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action."). To the extent that Plaintiff has pleaded a conspiracy cause of action—whether it be a claim for § 1983 conspiracy or for common law conspiracy—that claim fails. Plaintiff has not shown any overt acts carried out by the purported co-conspirators which resulted in any deprivation of a constitutional right[7] that would justify a conspiracy claim under §

---

[7] Again, prisoners do not have a constitutional right to be confined in a particular prison. *Hewitt v. Helms,* 459 U.S. 460, 468 (1983); *Meachum v. Fano,* 427 U.S. 215, 224 (1976).

9

1983. In a similar vein, Plaintiff has not alleged that the alleged conspiracy caused him any damages. *See Martin v. Byars*, 2014 WL 298682, at *3 (D.S.C. 2014) aff'd sub nom. *Martin v. Byers*, 581 F. App'x 225 (4th Cir. 2014) *cert. denied*, 135 S. Ct. 487, 190 L. Ed. 2d 368 (2014). Accordingly, any civil conspiracy claim is dismissed as to Defendants Way, Bachman, Admore, Hartzog, and other unnamed Defendants.

Finally, to the extent that Plaintiff's allegations could be construed as claiming denial of court access, his claim also fails. To state a claim for denial of court access, a plaintiff must allege that he has been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Lewis v. Casey*, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Also, in order to make out a prima facie case of denial of access to the courts, a plaintiff cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir.1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir.1989). Additionally, he must demonstrate that the defendants caused actual injury. *Lewis*, 518 U.S. at 353–54. The actual injury requirement is not satisfied by just any type of frustrated legal claim. Actual injury requires that the inmate demonstrate that his "non-frivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Id*. at 353–55. In this case, Plaintiff simply alleges that while on lock down at Turbeville Correctional, he is restricted from receiving and sending out legal mail, acquiring paper, and accessing the legal library, but fails to allege any specific facts demonstrating how he has been prejudiced in pursuing non-frivolous litigation or any actual injury. In fact, in this case alone, which was filed since Plaintiff's transfer to Turbeville Correctional, Plaintiff has made a number of filings and actively pursued his case. Therefore, Plaintiff has failed to state a cognizable claim.

Assuming plaintiff's § 1983 claim is dismissed by this Court, the additional claims for relief under state law[8] are recommended for dismissal for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Therefore, it is recommended that the court not exercise supplemental jurisdiction.[9]

---

[8] This would include *inter alia* any negligence claims, or other state law claims not already addressed herein.

[9] To the extent that Plaintiff could possibly be alleging a claim for excessive force for being handcuffed when he was escorted into his disciplinary hearing, or a false imprisonment claim for his disciplinary detention sanction, the Court finds that both claims are subject to summary dismissal. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a Plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:
> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570 and citing to *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The court "need not accept the [Plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir.2006); *see also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir.2009) (*citing Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir.1999)). Accordingly, it is recommended that any excessive force or false imprisonment claims against Defendant Harttzog or Defendant Buchanan respectively be dismissed.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.[10] See Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

|  |  |
|---|---|
| March 17, 2016 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

The plaintiff's attention is directed to the Notice on the next page.

---

[10] To the extent that Plaintiff has named Lieber Correctional Institution and MacDougall Correctional Institution as Defendants, both are subject to summary dismissal. To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." Both Lieber Correctional Institution and MacDougall Correctional Institution are groups of buildings or a facility. Inanimate objects (such as buildings, facilities, and grounds) do not act under color of state law. Hence, neither Leiber Correctional Institution or MacDougall Correctional Institution is a "person" subject to suit under 42 U.S.C. § 1983. *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).