IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| George Cleveland, III, ) | Civil Action No.: 4:15-cv-4512-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Larry Cartledge, Officer I. Mayes, ) | |
| Officer M. Jones, Warden (Unknown Name),) | |
| Lieber Correctional Institution, ) | |
| Officer Tyrell Admore, ) | |
| Contraband Lieutenant Charles Hartzog, ) | |
| Business Employee T. Way, ) | |
| MacDougall Correctional Institution, ) | |
| Disciplinary Hearing Officer ) | |
| Francine Bachman, ) | |
| Director Bryan Stirling of the S.C.D.C., ) | |
| Unknown Names of the Office of General ) | |
| Counsel of the S.C.D.C., ) | |
| *All sued in their official and individual* ) | |
| *capacities*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983. This matter is now before the court with the [ECF No. 27] Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on March 17, 2016. In the R & R, the Magistrate Judge recommends that the court should dismiss Plaintiff's complaint without prejudice. Plaintiff timely filed objections to the R & R. *See* Obj. [ECF No. 29].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), D.S.C.

no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

In his R & R, the Magistrate Judge recommended summary dismissal of the Complaint in this case. *See* R & R at 12 ("For the foregoing reasons, it is recommended that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process."). Plaintiff timely objected to this recommendation. However, upon review, while Plaintiff filed several objections, none are sufficient to overcome the Magistrate Judge's thorough and accurate analysis of the claims in the Complaint.

First, Plaintiff appears to misunderstand or disagree with the procedure set forth in 28 U.S.C. §§ 1915(e) and 1915A of screening *pro se* complaints before service is authorized. He states in his objections that Magistrate Judge Rogers is acting as a defense attorney in his Section 1915 review.

The court overrules these objections. Magistrate Judge Rogers conducted a proper screening of the plaintiff's complaint under the summary dismissal procedure.

Second, Plaintiff objects in a conclusory fashion to the Magistrate Judge's finding that his claims concerning his disciplinary proceedings are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). He does not state why he believes that *Heck* [and *Edwards v. Balisok*, 520 U.S. 641 (1997)] do not bar the claims. Nor does he indicate that he has successfully attacked his disciplinary hearing convictions. The Magistrate Judge properly found that an award of damages or injunctive relief in this Section 1983 action would imply the invalidity of his disciplinary hearing convictions and that these claims are barred by *Heck*.

Plaintiff next objects to the recommended summary dismissal of his civil conspiracy claim on the basis that 28 U.S.C. § 1915 "does not allow Magistrate Judge Rogers to determine what evidence was not presented", as this would be "summary judgment arguments". (Obj., ECF No. 29, p. 5) In the R&R, the Magistrate Judge cites a case from the Fourth Circuit Court of Appeals regarding evidence that is required in proving a civil conspiracy. *See Hinkle v. City of Clarksburg*, 81 F.3d 416 (4th Cir. 1996), cited at R&R, p. 9. However, he recommended summary dismissal of the claim on the basis of the Petitioner's failure to plead the required elements of civil conspiracy.

The plaintiff next appears to contend that his access to courts claim should not be dismissed because he alleged a cognizable claim. However, he does not address the Magistrate Judge's finding that he did not allege that a non-frivolous post-conviction or civil rights legal claim has been frustrated. As the Magistrate Judge observed, the Plaintiff filed the case at bar and actively made filings in the case while incarcerated at Turbeville Correctional.

Finally, the plaintiff objects to the recommendation by the Magistrate Judge that, if the Section

3

1983 claims are dismissed by this Court, then this Court should decline to exercise supplemental jurisdiction over any state law claims. He asserts that the Magistrate Judge should have stated "what state claims he's referring to . . . not just jumble-up all my state-claims into one." (Obj. p. 7) This argument lacks merit. The Magistrate Judge's recommendation is consistent with 28 U.S.C. § 1367(c), which provides that, after a district court has dismissed "all claims over which it has original jurisdiction", it may decline to exercise supplemental jurisdiction over non-federal claims in the complaint.

The court has thoroughly reviewed the Magistrate Judge's R & R, and the entire record (including Plaintiff's objections), and finds itself in agreement with the Magistrate Judge. Thus, the court overrules these objections.

## Conclusion

The Court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's R & R.[2] Accordingly, Plaintiff's Complaint is hereby **DISMISSED** *without prejudice* and without issuance and service of process.

---

[2] To the extent the court has not specifically addressed any of Plaintiff's objections, the court notes that it has thoroughly reviewed *de novo* the entire record, including the R & R and objections, and finds that Plaintiff's objections are without merit. This matter should be dismissed for the reasons stated by the Magistrate Judge in his R & R.

4

**IT IS SO ORDERED.**

        s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 23, 2016